# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JAMES G. FREER,<br><br>               Plaintiff,<br><br>v.<br><br>RENEE WALKER and UNKNOWN<br>AGNESIAN HEALTH CARE NURSE,<br><br>               Defendants. | Case No. 19-CV-1592-JPS<br><br>**ORDER** |

      Plaintiff, a prisoner proceeding *pro se*, filed a complaint in the above-captioned action. (Docket #1). Plaintiff has also filed a petition for leave to proceed *in forma pauperis*. (Docket #2). The total cost of filing a civil action is $400.00, which includes the $350.00 statutory filing fee and a $50.00 administrative fee. However, the $50.00 administrative fee does not apply to persons granted *in forma pauperis* status. Pursuant to the Prison Litigation Reform Act ("PLRA"), a prisoner plaintiff proceeding *in forma pauperis* is required to pay the statutory filing fee of $350.00 for any civil action. *See* 28 U.S.C. § 1915(b)(1).

      Under the PLRA, the Court must assess an initial partial filing fee of twenty percent of the average monthly deposits to the plaintiff's account or average monthly balance in the plaintiff's prison account for the six-month period immediately preceding the filing of the complaint, whichever is greater. *Id.* After the initial fee is paid, the prisoner must make monthly payments of twenty percent of the preceding month's income until the filing fee is paid in full. *Id.* § 1915(b)(2). "The agency having custody of the prisoner shall forward payments from the prisoner's account to the Clerk

of the Court each time the amount in the account exceeds $10 until the filing fees are paid." *Id.*

However, the Court need not require Plaintiff to pay an initial partial filing fee if it is clear, from the face of the complaint, that the action is frivolous. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. *Id.* § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Gladney v. Pendelton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327; *Gladney*, 302 F.3d at 774. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003); *Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts; his statement need only "'give the defendant fair notice of what the. . .claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting

*Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004). However, a complaint that offers "'labels and conclusions'" or "'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "'that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Christopher*, 384 F.3d at 881.

In considering whether a complaint states a claim, courts should first "identif[y] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the Court must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009); *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give Plaintiff's *pro se* allegations, "'however inartfully pleaded,'" a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff alleges that nurse Renee Walker ("Walker") willfully abused him when she inserted an IV needle through his vein. Plaintiff

describes the needle action as "into and out of (at the same time) my vein." The mis-directed needle caused him great pain, and he asked Walker several times to stop, but she continued to try to place the IV needle into his vein. At the end of the ordeal, there was blood flowing down his wrist into a gauze bandage. Walker dismissed his complaints by saying, "aren't you a nervous nelly." Another nurse watched the exchange and neither said nor did anything.

Plaintiff asks to proceed on an Eighth Amendment right to medical care claim. Prison officials violate this right when they "display deliberate indifference to serious medical needs of prisoners." *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (quotation omitted). Deliberate indifference claims contain both an objective and a subjective component: the inmate "must first establish that his medical condition is objectively, 'sufficiently serious,'; and second, that prison officials acted with a 'sufficiently culpable state of mind,' – i.e., that they both knew of and disregarded an excessive risk to inmate health." *Lewis v. McLean*, 864 F.3d 556, 562–63 (7th Cir. 2017) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal citations omitted)). A serious medical need is one "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Edwards v. Snyder*, 478 F.3d 827, 830–31 (7th Cir. 2007) (citations and quotations omitted). It need not be life-threatening, "rather, it could be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated." *Roe v. Elyea*, 631 F.3d 843, 857, 861 (7th Cir. 2011) (listing medical conditions that can be considered sufficiently serious, including "a dislocated finger, a hernia, arthritis, heartburn and vomiting, a broken wrist, and minor burns sustained from lying in vomit.").

Plaintiff has not alleged a sufficiently serious medical need, or that Walker acted with the requisite state of mind. He describes a situation in which a nurse attempted, several times, to locate his vein in order to insert an IV. As a result of her unsuccessful attempts, Plaintiff suffered pain and bled into a gauze bandage. Plaintiff does not allege that he suffered any complications that were ignored. Nor has he alleged facts suggesting that Walker solely intended to cause him pain, apart from the discomfort associated with the legitimate medical treatment of inserting the IV. Moreover, the facts do not suggest that the nurse left the bleeding and pain from the IV untreated; that, if left untreated, the puncture wound would have resulted in an "unnecessary and wanton infliction of pain;" or that he did not need the IV at all. *See Elyea*, 631 F.3d at 857. Here, the facts indicate that Walker was actively treating Plaintiff for a medical condition, that Plaintiff experienced some discomfort during the attempt to insert an IV, and that Walker tried to allay his concerns by calling him a "nervous nelly." The allegations in this complaint do not even suggest negligence, much less a constitutional rights violation. "Leave to amend need not be granted. . .if it is clear that any amendment would be futile." *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013). His claim, therefore, will be dismissed without prejudice.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to proceed in forma pauperis (Docket #2) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for an order allowing payment of partial filing fees from release account (Docket #4) be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED without prejudice.**

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 7th day of November, 2019.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge