# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JAMES G. FREER,

        Plaintiff,

v.

RENEE WALKER and UNKNOWN NURSE AT AGNESIAN HEALTH CARE,

        Defendants.

Case No. 19-CV-1592-JPS

**ORDER**

        Plaintiff, a prisoner proceeding *pro se*, filed this complaint on October 29, 2019 alleging that a nurse violated his constitutional rights when she unsuccessfully attempted to insert an IV into his hand before a surgery, causing him great pain. (Docket #1). On November 7, 2019, the Court screened the complaint pursuant to 28 U.S.C. § 1915A, and denied Plaintiff's motion to proceed *in forma pauperis* on the grounds that Plaintiff had failed to state a claim. (Docket #6). On November 11, 2019, Plaintiff filed a motion for reconsideration and a motion to allow payment of the partial filing fee from his release account. (Docket #9, #10). The Court will now examine the motion for reconsideration and explain why that motion must be denied.

        A party may file a motion to alter or amend judgment "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "[T]he only grounds for a Rule 59(e) motion. . .are newly discovered evidence, an intervening change in the controlling law, and manifest error of law." *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998). A party may file a

motion for relief from a judgment or order under certain circumstances that include "mistake, inadvertence, surprise, or excusable neglect," or "any other reason that justifies relief." Fed R. Civ. P. 60(b)(1),(6).

Plaintiff points to no change in law or manifest error in law that warrants an alteration or amendment of judgment under Rule 59(e). After examining Plaintiff's motion, the Court does not find any basis to provide relief under Rule 60(b), either. Plaintiff argues that he is not seeking relief against a governmental entity, officer, or employee, and therefore Section 1915A(5) does not apply. (Docket #9 at 5). Presumably, Plaintiff believes that the if he is not suing a governmental employee, then the Court will not be empowered to screen his complaint. However, "district courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status." *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Additionally, Plaintiff claimed jurisdiction under 28 U.S.C. § 1331, on the basis of a federal question. (Docket #1 at 4).[1] His constitutional claim against Nurse Renee Walker ("Walker") was the basis for the Court's jurisdiction in this case; if Walker is to be considered a private citizen for the purposes of this case, then this matter should have been filed in state court.

28 U.S.C. § 1915A allows the court to review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 42 U.S.C. § 1983 makes actionable any constitutional violation visited upon a plaintiff by an official acting under the color of law. The Bill of Rights, which includes the Eighth

---

[1]He also claimed diversity jurisdiction pursuant to 28 U.S.C. § 1332; however, Plaintiff and Nurse Renee Walker are both citizens of Wisconsin, (Docket #1 at 1), therefore this section does not apply.

Amendment's cruel and unusual punishment provision, protects citizens from improper *governmental* involvement. *See Witkowski v. Milwaukee Cty.*, 480 F.3d 511, 512 (7th Cir. 2007) ("The [B]ill of [R]ights protects people from the government but does not oblige the government to furnish protection against private violence."); *Timbs v. Indiana*, 139 S. Ct. 682, 687 (2019) (explaining that the Bill of Rights applies to the federal government and, increasingly, to state governments). Accordingly, the Court inferred that Walker was contracted by the DOC and thereby acting under color of law. *See Shields v. Ill. Dep't of Corr.*, 746 F.3d 782, 789–90 (7th Cir. 2013) (holding that private companies and their employees who act under color of state law can also be sued under Section 1983) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)). If this was not the case and Walker was simply a private citizen, Plaintiff may sue her for negligence in Wisconsin state court.

In the interest of thoroughness, the Court will re-revisit Plaintiff's initial complaint, as well as the additional information that he provided in the motion for reconsideration, in order to confirm that it fails to state a claim for a constitutional violation. Plaintiff made the following allegations in his initial complaint, which are recopied here from the screening order:

Plaintiff alleged that Walker willfully abused him when she inserted an IV needle through his vein. Plaintiff described the needle action as "into and out of (at the same time) my vein." The mis-directed needle caused him great pain, and he asked Walker several times to stop, but she continued to try to place the IV needle into his vein. At the end of the ordeal, there was blood flowing down his wrist into a gauze bandage. Walker dismissed his complaints by saying, "aren't you a nervous nelly." Another nurse watched the exchange and neither said nor did anything.

In his motion for reconsideration, he provides the following additional facts: on November 3, 2016, he attempted to complain about Walker to the State of Wisconsin Department of Corrections ("DOC"). He was informed that because the incident took place at Waupun Memorial Hospital ("WMH"), he needed to contact them because the Wisconsin DOC had no control over staff at WMH. (Docket #9-1 at 1). He contacted WMH and requested video recordings of his hospitalization, but was told that those video recordings "are the property of corrections and not the hospital." *Id.* at 2. He was assured, however, that the nurse wore gloves during the IV insertion process, and he need not be concerned about any disease transfer. *Id.* Over two years later, on April 2, 2019, Plaintiff sent a request to the Waupun Correctional Institution, seeking the video from WMH. *Id.* at 3. He was informed that WMH did not have the video from October 31, 2016 (the date the incident occurred). *Id.*

Plaintiff also provides a series of medical progress notes that document Plaintiff's claims that he was abused by a nurse. The progress reports indicate that he had two red marks on his hand, and note that "both sites [are] fully healed—only pinpoint [marks] remaining at this time." (Docket #9-1 at 4). Finally, Plaintiff includes his complaint from November 1, 2016, in which he describes the unpleasant moment when Walker attempted to insert the IV. In this complaint, he explains that the needle went through his skin like a single stitch: "in the process of inserting the IV needle [the nurse] inserted it most violently causing my legs to literally shake. I immediately yelled, *stop*, this hurts!. . .my cries to stop were *ignored*. I saw where the needle went into/under my skin and *outside* of my skin in the exit hole! She said on her way out your['re] a nervous nelly [aren't] ya with a smile." *Id.* at 7.

The facts, though more detailed, do not mandate a result that is different from the Court's original screening order. As the Court previously explained, Plaintiff does not allege facts that suggest that Walker acted with deliberate indifference to a serious medical need. (Docket #6 at 5). There are no facts to support the inference that she left Plaintiff bleeding and in pain; that, if left untreated, the puncture wound would have resulted in an "unnecessary and wanton infliction of pain," (to the contrary, the exhibits in the motion for reconsideration suggest that the pinpricks were healed up within a couple weeks of the incident; *see* (Docket #9-1 at 4)); or that Plaintiff did not need the IV at all (the exhibits in the motion for reconsideration indicate that Plaintiff was at WMH for surgery; *see id.*). As explained in the screening order, not only is there no serious medical need alleged, but there are also insufficient facts to infer that Walker acted with deliberate indifference. Medical procedures involving needles can be uncomfortable, and patient responses may range from squeamishness to fainting—this is particularly true if a nurse mis-inserts a device, which happens in non-prisoner settings as well. Absent facts suggesting that this IV puncture resulted in a serious and untreated harm, Plaintiff fails to state a claim for an Eighth Amendment violation.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reconsideration (Docket #9) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiff's motion to allow payment of the partial filing fee from release account (Docket #10) be and the same is hereby **DENIED as moot**.

Dated at Milwaukee, Wisconsin, this 27th day of December, 2019.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge